UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-61837-CIV-SMITH/VALLE

ROBERT A. CLASS,

    Plaintiff,

v.

MICHELLE KING,[1] *Acting Commissioner,*
*Social Security Administration*,

    Defendant.
_____/

## ORDER AFFIRMING AND ADOPTING REPORT OF MAGISTRATE JUDGE

This matter is before the Court upon the Magistrate Judge's Report and Recommendation on Cross-Motions for Summary Judgment [DE 23] and Plaintiff's Objections [DE 26]. Defendant filed a response to the Plaintiff's Objections [DE 27]. In the Report and Recommendation ("R&R"), the Magistrate Judge recommends that Plaintiff's Motion for Summary Judgment [DE 18] be denied, the Commissioner's Motion for Summary Judgment [DE 19 and DE 20[2]] be granted, and that the Decision of the Administrative Law Judge (ALJ) be affirmed, as it was supported by substantial evidence. Because the Magistrate Judge correctly found that substantial evidence supports the findings of the ALJ, the Court affirms and adopts the R&R, overrules Plaintiff's Objections, grants Defendant's Motion for Summary Judgment, and denies Plaintiff's Motion for Summary Judgment.

---

[1] Michelle King became the Commissioner of Social Security on January 21, 2025.

[2] The Court notes that [DE 19 and DE 20] are the same motion.

**I.     Standard of Review**

The standard of review of a decision of the Social Security Commissioner applied by a district court is well established:

> In reviewing claims brought under the Social Security Act, [a court's] role is a limited one. [It] may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Secretary. Even if [it] find[s] that the evidence preponderates against the Secretary's decision, [it] must affirm if the decision is supported by substantial evidence.

*Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (alterations added). Substantial evidence is more than a scintilla but less than a preponderance and is generally defined as such relevant evidence which a reasonable mind would accept as adequate to support a conclusion. *Meisel v. Sec. & Exch. Comm'n*, 97 F.4th 755, 761 (11th Cir. 2024) (citing *Viverette v. Comm'r of Soc. Sec.*, 13 F.4th 1309, 1314 (11th Cir. 2021)).

**II.    Plaintiff's Objections**

Plaintiff advances two objections to the R&R: (1) the ALJ erred by concluding that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any one of the Listings; and (2) the ALJ erred in discounting the veracity of the opinion of Plaintiff's primary care physician—Dr. Zeeshan Mahmood (Dr. Mahmood).

### A.     *Plaintiff's First Objection*

Plaintiff first posits that the ALJ should have found his Chiari Malformation and its related symptoms met a Listing. As noted above, the Court cannot decide the facts anew, reweigh the evidence, or substitute its judgment for that of the ALJ. *See Bloodsworth,* 703 F.2d at 1239. Even if this Court would reach a different conclusion, the Court must affirm if the ALJ's decision is supported by substantial evidence. *Id.*

Here, the ALJ's decision is based on substantial evidence, the ALJ applied Listing 11.04 (vascular insult to the brain) and found Plaintiff's impairments did not satisfy it. (R. 27.) Listing 11.04 requires:

> A. Sensory or motor aphasia resulting in ineffective speech or communication (see 11.00E1) persisting for at least 3 consecutive months after the insult; or
> B. Disorganization of motor function in two extremities (see 11.00D1), resulting in an extreme limitation (see 11.00D2) in the ability to stand up from a seated position, balance while standing or walking, or use the upper extremities, persisting for at least 3 consecutive months after the insult; or
> C. Marked limitation (see 11.00G2) in physical functioning (see 11.00G3a) and in one of the following areas of mental functioning, both persisting for at least 3 consecutive months after the insult:
>   1. Understanding, remembering, or applying information (see 11.00G3b(i)); or
>   2. Interacting with others (see 11.00G3b(ii)); or
>   3. Concentrating, persisting, or maintaining pace (see 11.00G3b(iii)); or
>   4. Adapting or managing oneself (see 11.00G3b(iv))

20 C.F.R. Part 404, subpt. P, app. 1, § 11.04. As to subsection A, the ALJ found that according to neurological examination, Plaintiff does not suffer from sensory or motor aphasia. (R. 27.) Section 11.04A necessitates an extreme demonstrable limitation in Plaintiff's ability to understand or convey a message in simple spoken language resulting in his inability to demonstrate basic communication skills, such as following one-step commands or telling someone about his basic personal needs without assistance; Plaintiff had no such issue. The consultative psychologist, relied on by the ALJ, noted that Plaintiff could count backwards from 20, name the days of the week forward and backward, could carry out a simple two step command, could pay bills, use the telephone, and could participate and initiate activities independent of supervision or direction. (R. 26.) Thus, the ALJ's findings as to Subsection A are well supported.

As to subsection B, in his assessment, the ALJ found that there was no evidence of disorganization of motor function in two extremities resulting in an extreme inability for Plaintiff to stand up from a seated position, balance while standing or walking, or use of his upper

extremities based on relatively benign physical and neurological examinations. The ALJ's findings here are also sufficiently supported. The record demonstrates that according to a January 2019 report of contact, Plaintiff reported going to the mall to walk around and was able to lift his 30-pound daughter. (R. 27 & 31.) Likewise, Plaintiff's primary care physician, who Plaintiff argues was wrongly discounted, stated in his medical source statement that Plaintiff did not have any difficulties standing and walking. (R. 32.)

And lastly, as to subsection C, the ALJ found that there was no evidence of more than mild limitations in mental functioning that would meet the criteria of § 11.04. (R. 27). This is consistent with the fact that the record provides no evidence that Plaintiff has undergone any mental health treatment outside of the December 2018 psychiatric evaluation. In addition, the state agency psychological consultant found the claimant did not have a severe mental impairment. (R. 31.) To be clear, Plaintiff's September 2018 psychological consultative examination notes: 1) Plaintiff's recent, remote, and immediate memory were normal to good; 2) Plaintiff would apply himself to most tasks and showed adequate concentration and persistence; and 3) Plaintiff was able to generally take care of himself.  Thus, there is substantial evidence to support the ALJ's findings and this objection is overruled.

### B.     *Plaintiff's Second Objection*

Next, Plaintiff proffers that the ALJ erred in discounting the opinions of Plaintiff's primary care physician Dr. Mahmood.  Plaintiff's objection is primarily predicated on the fact that he has been under the continuous care of Dr. Mahmood and, as a result, Dr. Mahmood better understands the lingering symptoms of his Chiari Malformation; thus, Dr. Mahmood's opinions should not have been discounted.  However, the opinion of a treating source is not entitled to controlling weight or deferential treatment.  *See e.g.,* 20 C.F.R. § 416.920c, *see also Malua v. O'Malley*, No.

23-CV-22234, 2024 WL 4028083, at *7 (S.D. Fla. Aug. 1, 2024), report and recommendation adopted, No. 23-CIV-22234, 2024 WL 4024731 (S.D. Fla. Sept. 3, 2024) (noting that "while a medical source's 'treatment relationship' with a claimant remains a factor to be considered in assessing an opinion's persuasiveness, for cases filed after March 27, 2017, a treating source's opinion is no longer entitled to controlling weight or deferential treatment" (citation omitted)). Instead, the persuasiveness of any medical source's opinion (whether treating, examining, or reviewer) depends on whether the opinion is: (i) supported by objective medical evidence and the source's explanation of his opinion; and (ii) consistent with other evidence in the medical record. 20 C.F.R. § 404.1520c(c)(1)-(2).

Here, the Magistrate Judge found that the ALJ's rationale in discounting the medical opinions of Dr. Mahmood was supported by the record. The ALJ in his evaluation noted that Dr. Mahmood's opinions were "wholly inconsistent with his treatment notes." (R. 31.) To support this, the ALJ cited to several examinations between February 2017 and July 2019, which indicated that the degree of limitations opined by Dr. Mahmood in his medical source statement were not supported by Dr. Mahmood's own treatment notes. Thus, the ALJ did not err in assigning discounted weight to Dr. Mahmood's opinions and this objection is overruled.

The Court having reviewed, *de novo*, the R&R of Magistrate Judge Valle, Plaintiff's Objections, the Defendant's Response to the Plaintiff's Objections, and the record, it is hereby

**ORDERED** that:

1) The Magistrate Judge's Report and Recommendation on Review of Commissioner's Decision **[DE 23]** is **AFFIRMED and ADOPTED** and incorporated by reference into this Court's Order.

2) Plaintiff's Motion for Summary Judgment **[DE 18]** is **DENIED**.

3) Commissioner's Motion for Summary Judgment **[DE 19 & DE 20]** is **GRANTED**.

4) The Commissioner's decision is **AFFIRMED**.

5) This case is **CLOSED**.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 12th day of February, 2025.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc: counsel of record